UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY KNEPPER-QUIJANO, as next friend of Emmanuel M. Quijano, an incapacitated adult; and KIMBERLY KNEPPER-QUIJANO, as next friend of Nathaniel Knepper-Quijano, Susannah Knepper-Quijano, and Elizabeth Knepper-Quijano, minor children, <br><br> Plaintiffs, <br><br> v. <br><br> BAYLOR REGIONAL MEDICAL CENTER AT GRAPEVINE, TIMOTHY E. RITTER M.D., and TEXAS DIGESTIVE DISEASE CONSULTANTS, P.A., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | No. 3:10-cv-1009-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Baylor Regional Medical Center at Grapevine's Motion for Summary Judgment [Docket Entry #63]. For the reasons stated below, the Motion is **GRANTED** in part and **DENIED** in part.

I.  BACKGROUND

Plaintiffs brought this medical negligence action against Defendants Dr. Timothy Ritter, M.D., Texas Digestive Disease Consultants, P.A., and Baylor Regional Medical Center at Grapevine, alleging that injuries suffered by Emmanuel M. Quijano after undergoing an esophagogastroduodenoscopy (EGD) performed by Dr. Ritter at Baylor Regional, with the assistance of nurses employed by Baylor Regional, was the result of negligence. Regarding Baylor Regional, Plaintiffs allege two theories of liability. First, Plaintiffs allege that Baylor

1

Regional's nurses were negligent in administering moderate sedation to Quijano during the EGD procedure, and that Baylor Regional is liable for their negligence. Second, Plaintiffs allege that Baylor Regional was negligent by failing to formulate, implement, and enforce proper policies and procedures regarding the administration of moderate sedation.

On May 23, 2011, Baylor Regional filed its Motion for Summary Judgment, to which Plaintiffs did not respond. In their Motion, Baylor Regional argues that there is no genuine dispute of material fact regarding Plaintiffs' negligence claims because the only evidence of the standards of care applicable to the nurses and to Baylor Regional is the proposed expert testimony of Dr. Hendrikus Lemmens, which Baylor Regional sought to exclude in a separately filed *Daubert* motion. Similarly, Baylor Regional argues that no genuine dispute of material fact exists regarding causation because the only evidence of causation also is Dr. Lemmens' proposed expert testimony.

On July 28, 2011, the Court held a hearing on the parties' various *Daubert* motions, including Baylor Regional's motion to exclude Dr. Lemmens' proposed expert testimony [Docket Entry #62], which the Court granted in part and denied in part. The Court excluded the testimony of Dr. Lemmens regarding the standard of care for the nurses, but otherwise denied Baylor Regional's objections to his testimony.

II.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a reasonable jury could return a verdict for the non-moving party, then there is a genuine dispute of material fact. *Gates v. Tex. Dep't of Protective & Regulatory Servs.,* 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The

moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate, by designating specific facts beyond the pleadings that prove the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Anderson,* 477 U.S. at 250; *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). In determining whether a genuine dispute of material fact exists, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.,* 140 F.3d at 625 (citation omitted).

### III. ANALYSIS

To prevail on a medical negligence cause of action under Texas law, "a plaintiff must prove 1) a duty by the physician/nurse/hospital to act according to applicable standards of care; 2) a breach of the applicable standard of care; 3) an injury; and 4) a causal connection between the breach of care and the injury." *Clements v. Conard*, 21 S.W.3d 514, 522 (Tex. App.—Amarillo 2000, pet. denied). Further, the plaintiff must establish the applicable standard of care through expert testimony. *Edwards v. United States*, 519 F.2d 1137, 1139 (5th Cir. 1975) ("[A] plaintiff, to recover for injuries suffered from medical negligence, must show, *by expert testimony*, that the treating physicians breached the standard of care." (emphasis added)).

Here, the only expert testimony Plaintiffs offer on the standard of care for Baylor Regional's nurses is that of Dr. Lemmens, and his testimony on the subject has been excluded by the Court. Therefore, Plaintiffs have failed to designate specific facts beyond the pleadings that prove the existence of a genuine dispute of material fact as to the standard of care applicable to

3

the nurses, and Baylor Regional is entitled to judgment as a matter of law on Plaintiff's theory of liability based on the nurses' conduct. Baylor Regional's Motion for Summary Judgment is thus **GRANTED** as to that theory of liability.

However, Baylor Regional's Motion is **DENIED** as to Plaintiffs' other theory of liability—that it was negligent in formulating, implementing, and enforcing proper policies and procedures regarding moderate sedation. The only argument Baylor Regional offered for summary judgment on that theory was premised on the Court's excluding the other portions of Dr. Lemmens's testimony, which the Court did not do. Therefore, Baylor Regional has failed to show the absence of a genuine dispute of material fact regarding Plaintiffs' claim related to the moderate-sedation policy.

IV.     CONCLUSION

Baylor Regional's Motion for Summary Judgment is **GRANTED** on Plaintiffs' claims based on the conduct of Baylor's nurses, and otherwise **DENIED**.

**SO ORDERED**.

August 1, 2011.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**